## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

X CORP.

                    Movant,

v.

ERNST & YOUNG, LLP,

                    Respondent.

Case No. _____

Underlying Case, *United States v. Twitter*, pending in the United States District Court for the Northern District of California:

No. 22 Civ. 3070

## <u>DECLARATION OF DANIEL R. KOFFMANN</u>

I, Daniel R. Koffmann, pursuant to 28 U.S.C. § 1746 and upon penalty of perjury declare as follows:

1.      I am a partner with the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for X Corp.  I am a member in good standing of the Bar of the States of New York and California.  I make this declaration based on personal knowledge and, if called as a witness, I could and would testify competently to the matters set forth herein.  I make this declaration in support of X Corp.'s Motion to Compel Compliance with Subpoena Duces Tecum.

2.      ***Attachments***:  Attached as Exhibit 1 is a true and correct copy of X Corp.'s motion seeking (1) a protective order staying the notice of deposition of Elon Musk, and (2) an order terminating or modifying the consent order in this action or staying enforcement of the consent order, dated July 13, 2023.

3.      Attached as Exhibit 2 is a true and correct copy of the FTC's letter to X Corp. dated August 1, 2013.

4.      Attached as Exhibit 3 is a true and correct copy of X Corp.'s Statement of Work ("SOW") with Ernst & Young LLP ("EY") dated July 20, 2022.

5.      Attached as Exhibit 4 is a true and correct copy of the American Institute of Certified Public Accountants' Standards for Consulting Services 100.

6.      Attached as Exhibit 5 is a true and correct copy of Twitter, Inc.'s letter to the FTC dated December 14, 2022.

7.      Attached as Exhibit 6 is a true and correct copy of the Certificate of Ownership and Merger of Twitter, Inc. With and Into X Corp., filed with the Delaware Secretary of State on March 15, 2023.

8.      Attached as Exhibit 7 is a true and correct copy of relevant excerpts of the deposition transcript of EY partner David Roque dated June 21, 2023.

9.      Attached as Exhibit 8 is a true and correct copy of the FTC's subpoena to EY dated March 2, 2023.

10.     Attached as Exhibit 9 is a true and correct copy of Roque Deposition Ex. 008 (Email from Paul A. Pelner to David Roque dated February 21, 2023).

11.     Attached as Exhibit 10 is a true and correct copy of Roque Deposition Ex. 009 (Chat messages between Paul A. Pelner and David Roque dated February 21, 2023).

12.     Attached as Exhibit 11 is a true and correct copy of Roque Deposition Ex. 005 (Email from David Roque to Paul A. Pelner dated February 14, 2023).

13.     Attached as Exhibit 12 is a true and correct copy of X Corp.'s letter to the FTC dated June 30, 2023.

14.     Attached as Exhibit 13 is a true and correct copy of the FTC's letter to X Corp. dated July 6, 2023.

15.     Attached as Exhibit 14 is a true and correct copy of the FTC's letter to X Corp. dated July 11, 2023.

16.     Attached as Exhibit 15 is a true and correct copy of an email between counsel for X Corp. and counsel for EY dated August 3, 2023.

17.     Attached as Exhibit 16 is a true and correct copy of X Corp.'s subpoena served on EY on August 3, 2023.

18.     Attached as Exhibit 17 is EY's responses and objections to the subpoena dated August 15, 2023.

19.     ***Facts:***  I am informed that, from 2011 to 2019, X Corp. completed required assessments under a 2011 Order with the FTC and received approximately ten demand letters from the FTC.

20.     I am informed that, following X Corp.'s voluntary disclosure of an incident in October 2019, the FTC investigated the report, sending approximately 15 demand letters to X Corp. over a two-year period.

21.     I am informed that, on April 25, 2022, Elon Musk signed an agreement with X Corp. to acquire the company and take it private, effective October 27, 2022.

22.     Over the course of numerous phone calls and emails, counsel for X Corp. has requested the following documents from EY in relation to the subpoena: (a) All written communications between EY and FTC/FTC staff from May 26, 2022 to present; (b) All documents, communications, or other materials that describe, summarize, memorialize, or otherwise record or attempt to record any oral communications between EY and FTC/FTC staff from May 26, 2022 to present; (c) All other documents or communications relating to written or oral communications with FTC/FTC staff from May 26, 2022 to present.  Counsel for X. Corp.

also offered to discuss any privilege issues that arise.  EY only agreed to produce emails memorializing discussions with the FTC.

23.     As required by Local Civil Rule 7(m), counsel for X Corp. made a reasonable effort to meet and confer with counsel for EY regarding the matters set forth in this Motion and attempted to resolve the dispute without Court intervention.  On August 21, 2023, counsel for X Corp. and counsel for EY met and conferred in good faith via Zoom regarding the subpoena, X Corp.'s discovery demands, alternatives to motion practice, and potential narrowing of the areas of disagreement.  During that conference, counsel for X Corp. offered to narrow Requests 1, 2, and 3 of the subpoena to communications between EY and the FTC relating to Twitter, X Corp. or Elon Musk.  X Corp. also offered to accept production of the same documents EY produced to the FTC in response to the FTC's subpoena in lieu of further response to X Corp.'s subpoena. On August 24, 2023, counsel for EY confirmed that EY would not be producing any documents in response to the subpoena.

I declare under penalty of perjury that the foregoing is true and correct.

DATED:     August 25, 2023

_____
Daniel R. Koffmann