# EXHIBIT 8

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| United States of America | ) |
|---|---|
| *Plaintiff* | ) |
| v. | )  Civil Action No. 3:022-cv-3070 TSH |
| Twitter, Inc. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     Ernst & Young LLP

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: remote deposition via Zoom webcast platform and exhibits displayed by AgileLaw or similar method | Date and Time: 03/20/2023 9:30 am |
|---|---|

The deposition will be recorded by this method:  stenographic means

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Schedule A, attached - materials specified to be produced on or before March 10, 2023

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  03/02/2023

                    *CLERK OF COURT*
                                            OR
_____                    _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Federal Trade Commission             , who issues or requests this subpoena, are:
Reenah L. Kim, Federal Trade Commission, 600 Pennsylvania Ave NW, CC-6316, Washington DC 20580
rkim1@ftc.gov (202) 326-2272

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:022-cv-3070 TSH

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

[ Print ]  [ Save As... ]  [ Add Attachment ]                                    [ Reset ]

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES OF AMERICA
NORTHERN DISTRICT OF CALIFORNIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) ) ) ) ) | Case No. 3:22-cv-3070 TSH |
| v. | | |
| **TWITTER, INC.** | | |

**NOTICE OF DEPOSITION**

Pursuant to Part XIII.A. of the Federal Trade Commission's May 26, 2022, Decision and Order in *In the Matter of Twitter, Inc.*, Docket No. C-4316 ("Order"), PLEASE TAKE NOTICE that the Federal Trade Commission ("FTC" or "Commission") will conduct the deposition upon oral examination of Ernst & Young, LLP ("EY" or the "Firm") pursuant to Federal Rule of Civil Procedure 30(b)(6). The deposition will take place on March 20, 2023, commencing at 9:30 a.m. PT. The deposition will be conducted via the Zoom webcast platform, with exhibits displayed by AgileLaw or similar method; Commission staff will provide a link and password to access the web conference in advance of the deposition. The deposition will be taken before a notary public or other officer authorized to administer oaths, who will appear remotely via the web conference. The deposition shall be recorded by sound or stenographic means.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), the Firm must designate and make available one or more officers, directors, or managing agents, or others who consent, to testify on its behalf. Unless a single individual is designated, the Firm must designate in advance and in writing the matters on which each designee will testify. The person(s) designated must testify about information known or reasonably available to the Firm, and their testimony shall be binding upon it. The person(s) designated must be prepared to provide testimony relating to the following topics:

1. EY's engagement by Twitter, Inc. ("Twitter" or the "Company") to perform an independent assessment of Twitter's comprehensive privacy and information security program and serve as Twitter's assessor ("Assessor") in accordance with Part VI of the Order.

2. All engagement letters, retainers, statements of work, service agreements, contracts, or agreements with Twitter concerning the Order.

3. Twitter's privacy and information security program under Part V of the Order, including but not limited to:

   a. Controls comprising the program, control owner(s) associated with each control, and any changes thereto since June 6, 2022;

    b.    Provision of the written program, and any evaluations thereof or updates thereto, to Twitter's governing body or senior officer responsible for the Program pursuant to Part V.B. of the Order;

    c.    Employee(s) designated to coordinate and be responsible for the Program under Part V.C. of the Order;

    d.    Risk assessments conducted pursuant to Part V.D. of the Order;

    e.    Review processes developed and implemented to address the requirements of Part V.E.1. through 3. of the Order;

    f.    Safeguards developed and implemented to address the requirements of Part V.E.4. of the Order;

    g.    Training programs developed and implemented to address the requirements of Part V.E.5;

    h.    Safeguards developed and implemented to address the requirements of Part V.E.6. of the Order;

    i.    Safeguards developed and implemented to address the requirements of Part V.E.7. of the Order;

    j.    Processes, procedures, and controls developed and implemented to address the requirements of Part V.F. of the Order;

    k.    Processes, procedures, and controls developed and implemented to address the requirements of Part V.G. of the Order;

    l.    Processes, procedures, and controls developed and implemented to address the requirements of Part V.H. of the Order; and

    m.    Processes, procedures, and controls developed and implemented to address the requirements of Part V.I. of the Order.

4.    EY's determination of whether, as of November 22, 2022, Twitter had implemented and maintained the comprehensive privacy and information security program required by Part V of the Order, and the complete basis for its determination. If EY was unable to make such a determination, an explanation of all the reasons why it could not do so.

5.    EY's assessment of the effectiveness of Twitter's implementation and maintenance of Parts V.A.-I. of the Order, and the complete basis for its assessment. If EY was unable to make such an assessment, an explanation of all the reasons why it could not do so.

6.    EY's identification of any gaps or weaknesses in, or instances of material noncompliance with, Twitter's program under Part V of the Order, and the complete basis for its

determination. If EY was unable to make such a determination, an explanation of all the reasons why it could not do so.

7. Any issues, problems, deficiencies, or concerns that EY identified with Twitter's privacy and information security program under Part V of the 2022 FTC Order, including but not limited to any concerns about whether Twitter's program complied with the Order.

8. Any recommendations or suggestions EY made regarding actions or measures for Twitter to take or implement to remedy or address any issues, problems, deficiencies, or concerns EY identified, and Twitter's response to such recommendations or suggestions, including but not limited to the date(s) when Twitter responded (*e.g.*, the timing of when Twitter took action or implemented measures in response to EY's recommendation or suggestion).

9. All of the reasons why EY is no longer serving as Twitter's Assessor for purposes of the Order.

10. All communications with Twitter on or after May 26, 2022, relating to the FTC, the 2022 FTC Order, assessments to be performed or conducted pursuant to the 2022 FTC Order, or pre-assessments relating to Twitter's privacy and information security program under the 2022 FTC Order, including but not limited to all communications relating to EY's decision to terminate services as an assessor pursuant to Part VI of the 2022 FTC Order.

11. All internal EY communications on or after May 26, 2022, relating to the FTC, the 2022 FTC Order, EY's engagement with Twitter, or work performed or to be performed by Twitter relating to the FTC Order, including but not limited to all communications relating to EY's decision to terminate services as an assessor pursuant to Part VI of the 2022 FTC Order.

12. Twitter's cooperation and interactions with EY, including but not limited to:

    a. The designation of Twitter personnel to manage, coordinate, and facilitate EY's inquiry, evaluation, and testing procedures;

    b. The provision and availability to EY of all information and materials in Twitter's possession, custody, or control that is relevant to the assessment;

    c. The provision and availability of information to EY about, and access to, Twitter's resources (i.e., networks, systems, and software) and IT assets;

    d. The disclosure to EY of all facts material to the assessment.

13. All communications related to the 2022 FTC Order or required assessment of Twitter with any firm, company, organization, or person that was selected, or is or was under consideration for selection, as Twitter's new Assessor for the 2022 FTC Order.

14. All products or services unrelated to the Order that have been provided by EY to Twitter during the period from January 1, 2017, to the present.

15. All products and services unrelated to the Order that have been, were, or will be offered, promoted, or proposed to be provided by EY to Twitter since January 1, 2022.

16. EY's qualifications to serve as an objective, independent third-party professional assessor under Part VI of the Order.

Dated:  March 2, 2023                                  /s/ Reenah L. Kim
                                                              REENAH L. KIM
Attorney
Federal Trade Commission
Bureau of Consumer Protection
Division of Enforcement
600 Pennsylvania Avenue, NW, CC-9528
Washington, DC 20580
Tel: 202-326-2272
rkim1@ftc.gov

## Subpoena Schedule A

### DEFINITIONS

D-1. **"Ernest & Young," "EY"," "Firm," "You,"** or **"Your"** means Ernst & Young LLP, its wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all directors, officers, members, employees, agents, consultants, and other persons working for or on behalf of the foregoing.

D-2. **"2022 FTC Order"** means the Federal Trade Commission's May 26, 2022, Decision and Order in *In the Matter of Twitter, Inc.*, Docket No. C-4316.

D-3. **"Twitter"** or **"Company"** shall mean Twitter, Inc., its successors and assigns, and any business it controls directly or indirectly, and all directors, officers, members, employees, agents, consultants, and other persons working for or on behalf of the foregoing.

D-4. "**Document**" means the complete original, all drafts, and any non-identical copy, whether different from the original because of notations on the copy, different metadata, or otherwise, of any item covered by 15 U.S.C. § 57b-1(a)(5), 16 C.F.R. § 2.7(a)(2), or Federal Rule of Civil Procedure 34(a)(1)(A).

### INSTRUCTIONS

I-1. **Applicable Time Period:** Unless otherwise directed in the specification, the applicable time period for the requests set forth below is from May 26, 2022, until the date of full and complete compliance with this subpoena.

I-2. **Withholding Requested Material / Privilege Claims**: For specifications requesting production of Documents or answers to written interrogatories, if You withhold from production any material responsive to this subpoena based on a claim of privilege, work product protection, statutory exemption, or any similar claim, You must assert the claim no later than the return date of this subpoena, and You must submit a detailed log, in a searchable electronic format, of the items withheld that identifies the basis for withholding the material. The information in the log must be of sufficient detail to enable FTC staff to assess the validity of the claim for each Document, including attachments, without disclosing the protected information. If only some portion of any responsive material is privileged, You must submit all non-privileged portions of the material. Otherwise, produce all responsive information and material without redaction. The failure to provide information sufficient to support a claim of protected status may result in denial of the claim.

I-3. **Scope of Search**: This subpoena covers Documents and information in Your possession or under Your actual or constructive custody or control, including Documents and information in the possession, custody, or control of Your attorneys, accountants, directors, officers, employees, service providers, and other agents and consultants,

whether or not such Documents or information were received from or disseminated to any person or entity.

I-4. **Identification of Responsive Documents**:  For specifications requesting production of Documents, You must identify in writing the Documents that are responsive to the specification. Documents that may be responsive to more than one specification of this subpoena need not be produced more than once. If any Documents responsive to this subpoena have been previously supplied to the FTC, You may identify the Documents previously provided and the date of submission.

I-5. **Maintain Document Order**:  For specifications requesting production of Documents, You must produce Documents in the order in which they appear in Your files or as electronically stored. If Documents are removed from their original folders, binders, covers, containers, or electronic source, You must specify the folder, binder, cover, container, or electronic media or file paths from which such Documents came.

I-6. **Numbering of Documents**:  For specifications requesting production of Documents, You must number all Documents in Your submission with a unique identifier such as a Bates number or a Document ID.

I-7. **Production of Copies**:  For specifications requesting production of Documents, unless otherwise stated, You may submit copies in lieu of original Documents if they are true, correct, and complete copies of the originals and You preserve and retain the originals in their same state as of the time You received this subpoena. Submission of copies constitutes a waiver of any claim as to the authenticity of the copies should the FTC introduce such copies as evidence in any legal proceeding.

I-8. **Production in Color**:  For specifications requesting production of Documents, You must produce copies of materials in color if necessary to interpret them or render them intelligible.

I-9. **Electronically Stored Information**:  For specifications requesting production of Documents, see the attached FTC Bureau of Consumer Protection Production Requirements ("Production Requirements"), which detail all requirements for the production of electronically stored information to the FTC. You must discuss issues relating to the production of electronically stored information with FTC staff **prior to** production.

I-10. **Sensitive Personally Identifiable Information ("Sensitive PII") or Sensitive Health Information ("SHI")**:  For specifications requesting production of Documents or answers to written interrogatories, if any responsive materials contain Sensitive PII or SHI, please contact FTC counsel before producing those materials to discuss whether there are steps You can take to minimize the amount of Sensitive PII or SHI You produce, and how to securely transmit such information to the FTC.

> Sensitive PII includes an individual's Social Security number; an individual's biometric data; and an individual's name, address, or phone number in combination with one or more of the following:  date of birth, driver's license or

        state identification number (or foreign country equivalent), military identification number, passport number, financial account number, credit card number, or debit card number.  Biometric data includes biometric identifiers, such as fingerprints or retina scans, but does not include photographs (with the exception of photographs and corresponding analyses used or maintained in connection with facial recognition software) or voice recordings and signatures (with the exception of those stored in a database and used to verify a person's identity).  SHI includes medical records and other individually identifiable health information relating to the past, present, or future physical or mental health or conditions of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual.

I-11. **Document retention**.  You must retain all documentary materials used in preparing responses to this subpoena. The FTC may require the submission of additional Documents later in its investigation. **Accordingly, You must suspend any routine procedures for Document destruction and take other measures to prevent the destruction of Documents in Your possession, custody, or control** that are in any way relevant to this investigation, even if those Documents are being retained by a third-party or You believe those Documents are protected from discovery.

I-12. **Lost or destroyed documents**.  In the event that any document covered by this subpoena was in your possession or actual or constructive custody or control and has been lost or destroyed, identify the document in writing as follows: addressee; person who prepared or authored the document; date of preparation or transmittal; substance of the document and its subject matter; number of pages, attachments, or appendices; all persons to whom the document was distributed, shown, or explained; date of loss or destruction; and, if destroyed, the manner of destruction, reason for destruction, persons who authorized the destruction, and persons who destroyed the document.

I-13. **Manner of Production**:  Contact **Reenah L. Kim (rkim1@ftc.gov; (202) 326-2272)** by email or telephone at least five days before the return date for instructions on how to produce information responsive to this subpoena.

I-14. **Certification of Compliance**:  You or any person with knowledge of the facts and circumstances relating to the responses to this subpoena must certify that such responses are complete by signing the "Certification of Compliance" attached.

I-15. **Certification of Records of Regularly Conducted Activity**: Attached is a Certification of Records of Regularly Conducted Activity.  Please execute and return this Certification with Your response.  Completing this certification may reduce the need to subpoena You to testify at future proceedings to establish the admissibility of Documents produced in response to this subpoena.

## SPECIFICATIONS

1. Copies of all engagement letters, retainers, statements of work, service agreements, contracts, or agreements with Twitter relating to or concerning the 2022 FTC Order.

2. All communications with Twitter on or after May 26, 2022, relating to the FTC, the 2022 FTC Order, assessments to be performed or conducted pursuant to the 2022 FTC Order, or pre-assessments relating to Twitter's privacy and information security program under the 2022 FTC Order, including but not limited to all communications relating to EY's decision to terminate services as an assessor pursuant to Part VI of the 2022 FTC Order.

3. All internal EY communications on or after May 26, 2022, relating to the FTC, the 2022 FTC Order, EY's engagement with Twitter, or work performed or to be performed by You relating to the FTC Order, including but not limited to all communications relating to EY's decision to terminate services as an assessor pursuant to Part VI of the 2022 FTC Order.

4. All Documents relating to, supporting, or providing the basis for Your decision to terminate services to Twitter as an assessor pursuant to Part VI of the 2022 FTC Order.

5. All Documents relating to any issues, problems, deficiencies, or concerns that You identified with Twitter's privacy and information security program under Part V of the 2022 FTC Order, including but not limited to any concerns about whether Twitter's program complied with the Order.

6. All Documents relevant to the assessment that EY was performing, or planned to perform, of Twitter's privacy and information security program under Part V of the 2022 FTC Order.

7. All Documents in EY's possession, custody, or control relating to Twitter's compliance, or non-compliance, with the 2022 FTC Order.

8. All communications with any firm, company, organization, or person that was selected, or is or was under consideration for selection, as Twitter's new assessor for the 2022 FTC Order.

9. All Documents used to prepare the Firm's designee(s) on the topics for the deposition of EY noticed pursuant to Federal Rule of Civil Procedure 30(b)(6).

# CERTIFICATION OF COMPLIANCE
## Pursuant to 28 U.S.C. § 1746

I, _____, certify the following with respect to the Federal Trade Commission ("FTC")'s subpoena directed to Ernst & Young LLP ("EY" or the "Firm") (FTC File No. C-4316 (the "Subpoena")):

1. EY has identified all documents, information, and/or tangible things ("responsive information") in the Firm's possession, custody, or control responsive to the Subpoena and either:

    (a) provided such responsive information to the FTC; or

    (b) for any responsive information not provided, given the FTC written objections setting forth the basis for withholding the responsive information.

2. I verify that the responses to the Subpoena are complete and true and correct to my knowledge.

I certify under penalty of perjury that the foregoing is true and correct.

Date: _____

_____
Signature

_____
Printed Name

_____
Title

**CERTIFICATION OF RECORDS OF REGULARLY CONDUCTED ACTIVITY**
**Pursuant to 28 U.S.C. § 1746**

1. I, _____, have personal knowledge of the facts set forth below and am competent to testify as follows:

2. I have authority to certify the authenticity of the records produced by Ernst & Young LLP (the "Firm") and attached hereto.

3. The documents produced and attached hereto by the Firm are originals or true copies of records of regularly conducted activity that:

    a) Were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

    b) Were kept in the course of the regularly conducted activity of the Firm; and

    c) Were made by the regularly conducted activity as a regular practice of the Firm.

I certify under penalty of perjury that the foregoing is true and correct.


Date: _____        _____
                                                                                Signature