UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| X CORP.<br><br>                Movant,<br><br>v.<br><br>ERNST & YOUNG, LLP<br><br>                Respondent. | Civil Action No. 1:23-mc-00082-ABJ<br><br>**<u>DECLARATION OF<br>LAURA RIPOSO VANDRUFF</u>** |

I, Laura Riposo VanDruff, pursuant to 28 U.S.C. § 1746 and upon penalty of perjury, declare as follows:

1. I am a partner with the law firm of Kelley Drye & Warren LLP, counsel for Respondent Ernst & Young LLP ("EY"). I am admitted to practice law in the District of Columbia.

2. I make this declaration based on personal knowledge and in support of EY's Opposition to Movant X Corp.'s Motion to Compel Compliance with Subpoena Duces Tecum.

3. Attached hereto as **Exhibit A** is a true and correct copy of the Complaint for Civil Penalties, Permanent Injunction, Monetary Relief, and other Equitable Relief, filed in *United States of America v. Twitter, Inc.*, No. 3:22-cv-03070 (N.D. Cal.), dated May 25, 2022.

4. Attached hereto as **Exhibit B** is a true and correct copy of the Joint Motion for Entry of Stipulated Order for Civil Penalty, Monetary Judgment, and Injunctive Relief, filed in *United States of America v. Twitter, Inc.*, No. 3:22-cv-03070 (N.D. Cal.), dated May 25, 2022.

5. Attached hereto as **Exhibit C** is a true and correct copy of the Stipulated Order for Civil Penalty, Monetary Judgment, and Injunctive Relief, signed by the Honorable Thomas S.

1

Hixon in *United States of America v. Twitter, Inc.*, No. 3:22-cv-03070 (N.D. Cal.) on May 26, 2022.

6. Attached hereto as **Exhibit D** is a true and correct copy of the Statement of Work for the Twitter FTC Consent Degree, Third-Party Assessment, dated August 24, 2022 and signed by EY and Twitter, Inc. on September 20, 2022.

7. Attached hereto as **Exhibit E** is a true and correct copy of EY's Resignation Memorandum documenting EY's decision to resign from the Twitter FTC Assessment.

8. Attached hereto as **Exhibit F** is a true and correct copy of an Order signed by the Honorable Thomas S. Hixon on July 24, 2023 in *United States v. Twitter, Inc.*, No. 3:22-cv-03070 (N.D. Cal.).

9. On July 26, 2023, I spoke with counsel for X Corp., successor in interest to Twitter, Inc., ("Twitter") over the phone and by email, who requested the following categories of documents from EY:

> 1) All written communications between EY and FTC/FTC staff from May 26, 2022 to present;
>
> 2) All documents, communications, or other materials that describe, summarize, memorialize, or otherwise record or attempt to record any oral communications between EY and FTC/FTC staff from May 26, 2022 to present; and
>
> 3) All other documents or communications relating to written or oral communications with FTC/FTC staff from May 26, 2022 to present.

10. During the phone call, counsel for Twitter explained that Twitter intended for at least the third category to include notes or other documents from the custodial file of EY's in-house counsel, who participated in telephone conversations with FTC Staff.

11. EY declined to produce the requested documents, but did offer to produce "EY's non-privileged communications with the FTC – on the condition that Twitter does not subsequently seek the production of additional EY materials." Twitter's counsel did not respond to the offer.

12. On August 3, 2023, Twitter served a Subpoena to Produce Documents, Information, or Objects or Permit Inspection of Premises in a Civil Action on EY (the "Subpoena").

13. EY served objections to the Subpoena on August 15, 2023.

14. On August 21, 2023, I met and conferred with counsel Twitter regarding the Subpoena. Counsel for Twitter offered to narrow the scope of Requests 1, 2 and 3 to communications between EY and the FTC that relate to Twitter, X Corp., or Elon Musk. Twitter also proposed narrowing the Subpoena to documents that EY previously produced to the FTC in response to a subpoena from the FTC. I continued to assert that Twitter lacked legal authority to issue the Subpoena and that Twitter was not entitled to privileged materials.

15. On August 24, 2023, after evaluating Twitter's proposals, EY declined to produce documents in response to the Subpoena, on the grounds described in its written objections.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 8, 2023

_____
Laura Riposo VanDruff